## CALVIN O. KELTON *vs.* IVERS PHILLIPS.

**The qualified liability of a member of a manufacturing corporation, for the debts of the corporation, under *St.* 1808, c. 65, § 6, is not a debt that can be proved against the estate of an insolvent debtor, under *St.* 1838, c. 163.**

THE facts of this case, as agreed by the parties, were these : On the 7th of May 1840, Alvin Waite petitioned the judge of probate for this county, that proceedings might be had under *St.* 1838, c. 163, for the distribution of his estate among his creditors ; and on the same day, said judge issued his warrant to a messenger, according to the provisions of that statute. At a legal meeting of said Waite's creditors, said Ivers Phillips was chosen assignee of his estate, and accepted the trust.

Before September 1839, said Waite was, and ever since has been, a member of the Athol Manufacturing Company, (which was incorporated by *St.* 1814, c. 8,) and subject to all the liabilities of an owner of stock in said corporation. At the September term 1839, of the court of common pleas, said Calvin O Kelton recovered judgment against said company for $ 1076·03, and costs, and immediately sued out a writ of execution thereon and put it into the hands of an officer for service, who returned the same in no part satisfied. On the 28th of April 1840, an alias execution was issued on said judgment, and put into an officer's hands, who, on the same day, made a demand upon the treasurer of said company to show to him sufficient real or personal estate to satisfy said execution ; which said treasurer neglected to do. On the 12th of May 1840, the officer levied said execution on certain property of other members of said company, and afterwards returned the same satisfied in part, to wit, for $ 143·92, and no more.

At a legal meeting of the creditors of said Waite, held under *St.* 1838, c. 163, said Kelton presented said judgment to the judge of probate, to be allowed as a debt against said Waite's estate. The judge rejected the claim, and said Kelton appealed to this court, and complied with the requisitions of § 4 of sa'd statute.

*Brooks,* for the appellant.

*Merrick,* for the appellee.

SHAW, C. J.   The question in this case is, whether the qual-
ified liability of an individual member of a manufacturing corpo-
ration is a debt which may be proved against the estate of an
insolvent debtor, under the insolvent law,   St. 1838, c. 163.
The third section states particularly what demands may be
proved ; viz.  " All debts due and payable from such debtor."
Provision is made for debts payable at a future day, payable on
certain contingencies, and demands for goods wrongfully taken ;
but these provisions do not affect the present case.   If the legal
liability of Waite, the insolvent, was not a " debt," it was not
proveable against his estate.

The liability of individual corporators depends on the several
acts of incorporation ; and as these were severally made subject
to the provisions of the several acts in force when they were
passed, the liability of the members of each depends on the acts
in force when it passed.   The Athol Manufacturing Company
was incorporated in June 1814, and made subject to the provis-
ions of St. 1808, c. 65.   None of the subsequent acts, modify-
ing the powers and duties of manufacturing corporations, ex
tended to this company.

The construction uniformly put upon St. 1808, c. 65, § 6, has
been, that it was a new remedy, given by statute, and as the
mode of pursuing it was specially pointed out, that mode must
be pursued ; that it did not create a legal liability to be enforced
by an action.   Leland v. Marsh, 16 Mass. 389.   In Child v.
Coffin, 17 Mass. 64, it was held not to extend so as to charge
the estate of a deceased stockholder, who had died before the
action was commenced.   In Ripley v. Sampson, 10 Pick. 371,
it was held that said statute did not render the estate of a de-
ceased corporator liable for the debts of the corporation.   This
was decided on the ground that the individual liability under the
statute was of a particular and limited character, which could
only be enforced in the manner pointed out in the statute.   If it
had constituted a " debt," it would have been a charge on the
estate of the deceased stockholder, under the general law.   On
similar grounds, it was held in Andrews v. Callender, 13 Pick
490, and also in Cutler v. Middlesex Factory Co. 14 Pick 483.

that the estate of a deceased stockholder s not liable, in an action against his administrator, for assessments.   These cases are not to be considered as applying to members of manufacturing companies, which were incorporated after *St.* 1821, *c.* 38, which declared a more general and complete liability of individual members of manufacturing corporations, thereafter to be estab lished, leaving such liability to be enforced conformably to the general rules of law.

The court are of opinion, that these cases settle the principle, upon which the present case must be decided.   They establish the rule, that the qualified liability of members of manufacturing corporations, under *St.* 1808, *c.* 65, did not constitute a debt, to which such member was liable.   The only ground on which the appellant in this case seeks to maintain his claim, is, that Waite, the insolvent, was his debtor.   It appears that he recovered judgment against the Athol Manufacturing Company, of which Waite was a member, and for the satisfaction of which Waite was subject to a qualified liability.   But before any attempt to enforce that liability by attachment or service of an execution, and before any demand made on him, Waite, by a legal course of proceeding, was declared insolvent, and the whole of his property was assigned to the appellee.   The appellant's claim not being a debt, was rightfully rejected by the judge of probate.